IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **LANDSTAR INWAY, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Case No. 6:20-cv-00020 |
| | ) | |
| **CENTRAL FREIGHT LINES, INC.,** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT

Plaintiff Landstar Inway, Inc. (hereinafter referred to as "Landstar"), by and through Counsel, and for its Complaint against Defendant Central Freight Lines, Inc. (hereinafter referred to as "Central") states as follows:

### Parties

1. Plaintiff Landstar Inway is a Delaware corporation whose principal place of business is 13410 Sutton Park Drive South, Jacksonville, Florida 32224.

2. Landstar is engaged in the performance of intrastate and interstate carriage for hire by authority issued to it by the Federal Motor Carrier Safety Administration ("FMCSA").

3. Defendant Central is a Texas corporation whose principal place of business is 5601 West Waco Drive, Waco, Texas 76710.

4. Defendant Central's agent for service of process is Douglas Fletcher whose address is 9201 North Central Expressway, Suite 600, Dallas, Texas 75231.

1

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1337. This matter exceeds $75,000 in controversy, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. 1391(b), venue is proper in this district and division in that the parties entered into a contract in Waco, Texas, and Central's principal place of business is within this district and division.

7. This Court has personal jurisdiction over Defendant in that Central's principal place of business is within this district and division, Central's business in Texas forms a part of the conduct at issue in this case, Central is a Texas Corporation and Central continuously and systematically does business in Texas.

### Count I

### Breach of Contract

8. On or about May 5, 2017, Central and Landstar entered into a contract ("Contract"). See Appendix A.

9. Pursuant to the Contract, Central agreed to tender to Landstar on a non-exclusive basis, shipments consisting of certain goods for transport between points within North America. See Appendix A, ¶1.

10. Pursuant to the Contract, every shipment tendered to Landstar by Central was physically transported by Central from point of origin to the point of tendering the cargo to Landstar or would be physically transported by Central from the point of transfer of the cargo from Landstar to Central to the point of destination. See Appendix A.

11.     Pursuant to the Contract, Central agreed to pay Landstar for the transportation of shipments under the Contract in accordance with the rates described within 30 days of receipt of Landstar's invoice and signed delivery document covering such transportation. See Appendix A, ¶12.

12.     Pursuant to the Contract, between April 2019 and May 2019, Landstar transported shipments totaling $548,405.72. See Appendix B, a summary of said shipments.

13.     With respect to each of the shipments, Landstar presented Central with an invoice, but Central has failed to make payment, and $548,405.72 remains due, owing and as of yet unpaid.

14.     The Contract is to be construed according to federal law governing transportation and the laws of the State of Texas.  The Contract provides that Landstar may recover from Central all costs, expenses and attorneys' fees incurred in prosecuting this action. See Appendix A, ¶28.

15.     Landstar was required to retain the undersigned attorneys to prosecute its claim against Central, and Landstar has agreed to pay reasonable and necessary fees and costs to its attorneys to prosecute this action. Landstar is entitled to recover its reasonable and necessary attorney's fees pursuant to Chapter 38, Texas Civil Practices and Remedies Code, section, 38.001.

WHEREFORE, Plaintiff Landstar Inway, Inc. prays to the Court for Judgment as follows:

(1)     That Judgment be entered against Defendant Central Freight Lines, Inc. and that Landstar Inway be awarded $548,405.72 for otherwise identified and unpaid freight charges;

(2) That Landstar Inway have and recover its reasonable and necessary attorneys' fees and expenses incurred in prosecuting this action;

(3) That Landstar Inway be awarded pre- and post-Judgment interest and costs of this suit; and

(4) For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/Vic Houston Henry*
Vic Houston Henry
Texas Bar No. 09484250
Emileigh Hubbard
Texas Bar No. 24076717
Henry Oddo Austin & Fletcher, PC
1700 Pacific, Suite 2700
Dallas, Texas 75201
Telephone:   214-658-1900
Facsimile:   214-658-1919
vhhenry@hoaf.com

John T. Husk
Law Office of Seaton & Husk, LP
2240 Gallows Road
Vienna, VA 22182
Telephone:   703-573-0700
Facsimile:   703-573-9786
johnhusk@aol.com

**COUNSEL FOR PLAINTIFF, LANDSTAR INWAY, INC.**