# APPENDIX A

## CENTRAL FREIGHT LINES, INC.

## MAP-21 MOTOR CARRIER SUBHAUL AGREEMENT

## (WITH TRAILER AVAILABILITY)

This MAP-21 Motor Carrier Subhaul Agreement (the "Agreement") is entered into by and between Central Freight Lines, Inc. whose business address is 5601 W. Waco Drive, Waco, TX 76710, and LANDSTAR INWAY, INC whose business address is 13410 Sutton Park Dr. S., Jacksonville, FL 32224, and is effective as of 5th of May, 2017.

WHEREAS, CFL is a duly licensed motor carrier which has been issued operating authority under permit MC-30867 C by the Federal Motor Carrier Safety Administration ("FMCSA") that authorizes it to provide transportation services.

WHEREAS, LANDSTAR INWAY, INC is a duly licensed motor carrier which has been issued operating authority under permit MC- 161864 by the FMCSA that authorizes it to provide transportation services.

NOW, THEREFORE, intending to be legally bound the parties enter this Agreement in accordance with 49 U.S.C. §14101(b)(1) and expressly waive any and all rights and remedies that each may have under 49 U.S.C. § 13101 through §14914 that are contrary to the specific provisions of this Agreement and agree as follows:

1.Description of Services - During the term of this Agreement, CFL agrees to tender to LANDSTAR INWAY, INC on a non-exclusive basis, and LANDSTAR INWAY, INC agrees to accept from CFL, from time-to-time, shipments consisting of certain goods for transport between points within North America. LANDSTAR INWAY, INC will, using due care, pick-up, as and when requested; transport in a timely manner; and deliver in good order and condition, the shipments which are tendered by CFL to LANDSTAR INWAY, INC, in accordance with the terms set forth in this Agreement ("Services").

0.Every shipment tendered to LANDSTAR INWAY, INC by CFL will have been physically transported by CFL from the point of origin to the point of tendering the cargo to LANDSTAR INWAY, INC or will be physically transported by CFL from the point of transfer of the cargo from LANDSTAR INWAY, INC to CFL to the point of destination.

1.Every shipment moving between LANDSTAR INWAY, INC and CFL on or after the date of this Agreement will be subject only to the terms of this Agreement and applicable law.

2.In order to assist LANDSTAR INWAY, INC in timely providing the Service as and when requested, CFL agrees to make a certain number of trailers available for LANDSTAR INWAY, INC's use, and in the event LANDSTAR INWAY, INC elects to utilize such trailers it hereby agrees to do so in accordance with the terms set forth in Appendix 1 to this Agreement.

2.LANDSTAR INWAY, INC's Operating Authority - LANDSTAR INWAY, INC represents and warrants that it is fully authorized to lawfully provide the Services covered by this Agreement in all the jurisdictions covered by this Agreement as a contract carrier for all kinds of freight for interstate and intrastate transport in the United States. LANDSTAR INWAY, INC will obtain and keep in good standing during the term of this Agreement all local, state, and federal

1

permits, licenses and registration requirements and pay any governmental charges necessary to allow the LANDSTAR INWAY, INC to provide the Services set forth this Agreement.

6.LANDSTAR INWAY, INC's Legal and Regulatory Compliance - LANDSTAR INWAY, INC represents and warrants that it has complied, and will comply, with all federal, state, and local laws, codes, regulations, rules and orders applicable to the performance of the Services hereunder. The parties acknowledge that in the event the failure of LANDSTAR INWAY, INC to comply with or conform to provisions or orders of regulatory agencies having jurisdiction over this Agreement or the Services results in different or additional charges for the Services, LANDSTAR INWAY, INC will be responsible for indemnifying CFL from such charges by paying CFL liquidated damages equal to any additional charges required to be paid, and any costs or attorneys' fees incurred by CFL in connection therewith.

7.LANDSTAR INWAY, INC's Operating Responsibilities - LANDSTAR INWAY, INC will be responsible for the procuring and operation of the vehicles it uses and the employment, training, supervision and control of the drivers and any helpers. LANDSTAR INWAY, INC will be responsible for safe and lawful operation of the vehicles used in the performance of the Services and will assume all costs, expenses, and liabilities incident to or arising out of furnishing, maintaining, repairing, or operating motor vehicles and other equipment, labor, fuel, supplies, and insurance. LANDSTAR INWAY, INC will notify CFL promptly by telephone of any accident, theft or other occurrence that impairs the safety of or delays the delivery of CFL's products.

0.During the term of the Agreement, LANDSTAR INWAY, INC shall have either a "Satisfactory" or "Unrated" safety rating as determined by the FMCSA or a substantively equivalent rating under the Carrier Safety Measurement System implemented under the Compliance, Safety, Accountability ("CSA") program. If LANDSTAR INWAY, INC receives any other level of safety rating, it will immediately notify CFL.

1.LANDSTAR INWAY, INC will perform the Services as an independent contractor and neither its employees nor agents will be deemed to be employees or agents of CFL. No authority has been conferred upon LANDSTAR INWAY, INC by CFL to hire any persons on behalf of CFL and LANDSTAR INWAY, INC will assume full responsibility for selecting, engaging and discharging its employees, agents, servants or helpers and for otherwise directing and controlling their services. LANDSTAR INWAY, INC will assume full responsibility for complying with all applicable laws and regulations for the benefit of its employees and under no circumstances will CFL be liable for the debts or obligations of LANDSTAR INWAY, INC for the wages, salaries, or benefits of LANDSTAR INWAY, INC's employees.

8.Receipts - Each shipment will be evidenced by a written form initiated by the consignor at the point of origin of the shipment and will be legibly signed by LANDSTAR INWAY, INC showing the kind and quantity of the commodity received at the loading point(s) specified. Such form will be evidence of receipt of such commodities by LANDSTAR INWAY, INC in apparent good order and condition or as may be otherwise noted on the face of such form. All such documents shall show the actual consignor and consignee. Upon acceptance of the shipment LANDSTAR INWAY, INC shall assume liability for the cargo until proper delivery is made to the consignees. LANDSTAR INWAY, INC will obtain a delivery receipt signed by the

consignee at the time of delivery showing the kind, quantity and condition of the commodity delivered at the specified destination and the time of delivery. Absence or loss of any such documents will not relieve the LANDSTAR INWAY, INC of responsibility for freight accepted by it. In the event any term or provision contained in such documents conflict in any way with any term or provision of this Agreement, the terms and provisions of this Agreement will take precedent and control.

11. In the event that a bill of lading is issued for any shipment its purpose shall be only to evidence the receipt of the cargo. Shipper will not be bound by the terms and conditions on such bill of lading reciting the rate, classification, rules or practices which limit LANDSTAR INWAY, INC's liability. In the event any term or provision contained in a bill of lading conflicts in any way with any term or provision of this Agreement, the terms and provisions of this Agreement will take precedent and control.

0. No Substituted Services and Diversion/Reconsignment - Effective upon acceptance of a shipment from CFL for CFL's customer's account, LANDSTAR INWAY, INC shall perform the transportation services itself and shall not subcontract the load to another motor carrier or tender it to a property broker, unless given written consent from CFL. LANDSTAR INWAY, INC shall not have any right to, in any way, negate, eliminate, circumvent or alleviate LANDSTAR INWAY, INC's liability to CFL or CFL's customer which may be inconsistent with the provisions of this Agreement. LANDSTAR INWAY, INC will not allow the diversion or reconsignment of any shipment except upon written instructions by CFL or CFL's customer. LANDSTAR INWAY, INC will not accept instructions for diversion or reconsignment of any consignee or third party without the written consent of CFL or CFL's customer.

1. Rates - LANDSTAR INWAY, INC agrees to transport shipments tendered by CFL at the rates and charges as set forth in the Rate Schedule attached hereto as Schedule A or a "Load and Rate Confirmation," which shall be signed by LANDSTAR INWAY, INC and transmitted by LANDSTAR INWAY, INC to CFL by facsimile (or other electronic means) for each shipment accepted by LANDSTAR INWAY, INC under this Agreement. LANDSTAR INWAY, INC and CFL agree that any common carrier tariff rates, accessorial charges, rules and regulations do not apply to any shipment tendered under this Agreement. Any change in rates, charges or rules and regulations shall be mutually agreed to and confirmed in writing, signed by both parties.

12. The rates set forth in the Load and Rate Confirmation Sheet reflect the either the use of the trailers provided to LANDSTAR INWAY, INC pursuant to Appendix 1 of this Agreement or LANDSTAR INWAY, INC providing its own trailers.

0. Payment - CFL agrees to pay LANDSTAR INWAY, INC for the transportation of shipments under this Agreement in accordance with the rates described herein, within thirty (30) days of receipt of LANDSTAR INWAY, INC's invoice and signed delivery document covering such transportation. CFL reserves the right to deduct an undisputed amount equal to the loss, damage, or spoilage as a result of the negligence or alleged negligence on the part of LANDSTAR INWAY, INC, its agents, servants or employees; provided, however, that CFL shall furnish to LANDSTAR INWAY, INC a written explanation and itemization of all deductions computed at the time deductions are made.



16.   Cargo Loss, Damage, and Delay

LANDSTAR INWAY, INC shall be liable to CFL and CFL's customers for the actual loss of, damage to, or delay of CFL's customers' freight, while under LANDSTAR INWAY, INC's care, custody, or control according to the provisions of 49 U.S.C. Section 14706. For purposes of this Agreement, the term "actual loss" shall mean the full invoice price charged by the shipper to its customers for the kind and quantity of product lost, damaged or destroyed, plus freight charges (unless included in the invoice price), less salvage value, if any, subject to a maximum liability of $100,000.00 per truckload shipment unless a higher degree of liability is specifically assumed in writing by an authorized representative of LANDSTAR INWAY, INC. The liability of LANDSTAR INWAY, INC for delay to delivery of a shipment shall be limited to $1,000 per shipment of actual costs incurred. . No limitation of liability will apply, other than in this Agreement. LANDSTAR INWAY, INC will have no lien or will accordingly waive its right to any lien upon any shipment of Shipper's cargo or portion thereof.

a)   Except as set forth below in this Subsection (b), LANDSTAR INWAY, INC agrees that the provisions contained in 49 CFR Part 370, shall govern the processing of claims for loss, damage, or delay to property and the processing of salvage.

0)   LANDSTAR INWAY, INC shall immediately notify CFL of any load damages or shortage.

0)   The determination regarding the salvageability of any damaged cargo shall be determined by CFL's customer and LANDSTAR INWAY, INC shall be liable for all costs and expenses associated with CFL's customer's mitigation of damages including any inspection; storage; preparation of the cargo for reshipping; and the reshipping, if applicable, unless due to the negligence of CFL or CFL's customer.

a)   Claims based on concealed loss/damage reported to LANDSTAR INWAY, INC by CFL within five (5) business days of the date of delivery will be treated as though an exception notation had been made on the delivery receipt at the time of delivery.

a)   It is the obligation of CFL to properly inspect cargo upon the discovery of damage.

b)   LANDSTAR INWAY, INC shall not sell, or attempt to sell, CFL's customer's freight for salvage or otherwise without CFL's customer's prior written authorization. For any damaged product which CFL's customer permits LANDSTAR INWAY, INC to resell, CFL's customer will have the right to remove all identifying marks and labels on such product.

Initial _K̲e̲t̲I̲_

(g)     If the cargo is able to be repaired and restored to good marketable condition, LANDSTAR INWAY, INC will be liable for the costs of repairs including the costs of all labor and other necessary expenses, not to exceed the actual value of the kind and quality of product damage, unless due to the negligence of CFL or CFL's customer.

17.     Term - The term of this Agreement shall be for a period of one (1) year from the Effective Date set forth above and shall automatically renew for additional one (1) year periods unless terminated pursuant to this contract.

18.     Termination - If either party refuses or fails to perform any duty or obligation under this Agreement, fails to comply with applicable laws or regulations, suffers impairment of its financial responsibility, or otherwise defaults in any way, the non-defaulting party will have the option, without prejudice to any other right or remedy, to terminate this Agreement upon three (3) business days' advance written notice. Otherwise, either party may terminate this Agreement at any time without cause by giving thirty (30) days prior written notice to the other party.

19.     Insurance - LANDSTAR INWAY, INC shall procure and maintain at all times during the term of this Agreement, at its sole cost and expense, with reputable and financially responsible insurance carriers the following insurance in not less than the amount specified:

a)      Commercial General Liability Insurance, including contractual liability and protective liability coverage (consistent with the indemnity obligation herein) in a combined single limit of not less than $1,000,000.00 per occurrence.

b)      Commercial Auto Liability Insurance insuring against liability for injury to persons, including injuries resulting in death, environmental restoration and loss or destruction of or physical damage to property, including any vehicle or other equipment furnished by the shipper for and in connection with the transportation services LANDSTAR INWAY, INC renders, in a combined single limit of not less than $1,000,000.00 per occurrence.

c)      Cargo Insurance insuring LANDSTAR INWAY, INC against liability for loss or damage to commodities while in the custody, possession or control of LANDSTAR INWAY, INC in an amount not less than $100,000.00 per shipment, or such other limits of coverage as may be specified by CFL's customers from time to time.

d)      Workers' compensation insurance for LANDSTAR INWAY, INC's employees in accordance with statutory requirements for all applicable jurisdictions.

0)      Trailer interchange insurance of not less than $25,000.

20.     If LANDSTAR INWAY, INC's insurance is threatened to be, or is, terminated, canceled, suspended, reduced, or revoked, LANDSTAR INWAY, INC must immediately notify CFL. LANDSTAR INWAY, INC shall provide CFL certificates or other evidence of the foregoing insurance coverages upon request by CFL.

**21. Indemnification - LANDSTAR INWAY, INC shall defend, indemnify and hold harmless CFL, CFL's customers, and/or, the Trailer Source (as defined in Appendix 1),**

5

KdI
7/12

their respective officers, directors, employees, agents, representatives, vendors and customers against any and all claims, demands, actions, causes of action and/or liabilities (actual, potential, threatened or pending) judgments, fines, penalties, orders, decrees, awards, costs, expenses, including reasonable attorneys' fees, settlements and claims on account of

a)   Loss or damage to property (other than cargo but including the Trailers (as defined in Appendix 1)), or personal injury, including death, which may be sustained by the parties, their employees or third parties, arising out of or in connection with LANDSTAR INWAY, INC's performance of the Services set forth herein;

b)   Loss, damage or delay in transit as to all goods which LANDSTAR INWAY, INC receives through CFL for transport according to the Load and Rate Confirmation Sheet, until LANDSTAR INWAY, INC delivers such goods and the same are signed for by the consignee;

c)   LANDSTAR INWAY, INC's material breach of any of its representations, warranties and/or covenants in this Agreement; and

d)   LANDSTAR INWAY, INC's failure to comply with worker's compensation requirements or any claim for worker's compensation asserted against CFL or its customer by LANDSTAR INWAY, INC's employees or their personal representatives.

e)   For avoidance of doubt, the foregoing indemnity and defense obligations of the LANDSTAR INWAY, INC shall not apply to any liability resulting from the negligence of the CFL and CFL's customers (including their officers, directors, vendors, agents, and employees).

22. Exclusions in LANDSTAR INWAY, INC's insurance coverage(s) shall not exonerate LANDSTAR INWAY, INC from this liability.

0. Confidentiality - As part of the business relationship between CFL and LANDSTAR INWAY, INC, either Party may be in or come into possession of information or data which constitutes trade secrets, know-how, confidential information, marketing plans, pricing, or anything else otherwise considered proprietary or secret by the other ("Confidential Information"). In consideration of the receipt of such Confidential Information and potential business, each Party agrees to protect and maintain such Confidential Information in the utmost confidence, to use such Confidential Information solely in connection with their business relationship, and to take all measures reasonably necessary to protect the Confidential Information.

23. LANDSTAR INWAY, INC agrees that CFL's charges to its customers are confidential and need not be disclosed to LANDSTAR INWAY, INC. LANDSTAR INWAY, INC specifically waives any rights it may have under 49 CFR § 371.3. Except as may be required by law, the terms and conditions of the Agreement and information pertaining to any Services will

not be disclosed by either party to any other persons or entities, except to the directors, officers, employees, authorized contractors, attorneys, and accountants of each party. This mutual obligation of confidentiality will remain in effect during the terms of the Agreement and for a period of two years following any termination.

25.Non-Solicitation - LANDSTAR INWAY, INC agrees that during the term of this Agreement and for a period of two (2) years from the date of termination of this Agreement, that neither LANDSTAR INWAY, INC nor any employee, officer, director, agent or otherwise of LANDSTAR INWAY, INC, shall directly or indirectly solicit traffic from any Broker, consignor, consignee, or customer of CFL where (a) the availability of such shipments first became known to LANDSTAR INWAY, INC as a result of CFL's efforts; or (b) the shipments of the consignor, consignee, or customer of CFL was first tendered to the LANDSTAR INWAY, INC by CFL. In the event LANDSTAR INWAY, INC violates the terms of this Paragraph and back-solicits CFL's customers and obtains traffic from such customers, CFL may terminate this Agreement.

0.Force Majeure - The obligation of LANDSTAR INWAY, INC to furnish and of CFL to use the Services provided for in this Agreement will be suspended temporarily during the period in which either party is prevented from performing due to fire, flood, strikes, lockout, epidemic, accident, regulatory action or other causes beyond its reasonable control. The party experiencing force majeure will notify the other party promptly and take all reasonable steps to eliminate the interruption and resume normal operations as soon as possible.

26.Waiver/Enforceability - The waiver of a breach of any term or condition of this Agreement will not constitute the waiver of any other breach of the same or any other term. To be enforceable, a waiver must be in writing signed by a duly authorized representative of the waiving Party. The unenforceability of a provision of this Agreement or portion thereof will not affect the enforceability of any other provision of this Agreement or portion thereof.

27.Entire Agreement - This Agreement, together with any Appendices hereto, constitutes the entire agreement between the parties with respect to the subject matter hereof, and supersedes all prior oral or written representations and agreements.

28.Governing Law - This Agreement is to be construed according to federal law governing transportation and the laws of the State of Texas and the parties hereby stipulate the exclusive jurisdiction of the courts situated in McLennan County, Texas, over any litigation between the parties arising hereunder. If any part of this Agreement is determined to be contrary to law, such determination shall not affect the validity of any other terms or conditions. The non-prevailing party to any action relating to this agreement shall pay all costs, expenses and attorney fees which may be expended or incurred by the prevailing party in enforcing this Agreement or any provision thereof including attorney fees and expenses incurred in defending. The prevailing party shall be defined as that party receiving an award of at least 90% of its claim.

Initial 

31.   Notices - Unless otherwise provided, notices required under this Agreement must be in writing and delivered by (i) registered or certified U.S. Mail, return receipt requested, (ii) hand delivered, (iii) facsimile with receipt of "Transmission OK" acknowledgment, or (iv) delivery by a reputable overnight carrier service (in the case of delivery by facsimile, the notice will be followed by a copy of the notice delivered as provided in (i)(ii) or (iv)). The notice will be deemed given on the day the notice is received. In the case of notice by facsimile, the notice is deemed received at the local time of the receiving machine, and if not received, then the date the follow-up copy is received. Notices must be delivered to the following addresses or at such other addresses as may be later designated by notice:

To
LANDSTAR INWAY,
INC

:

13410 Sutton Park Dr. S.
Jacksonville, FL 32224   Attn:  Dir., Customer Contract
Admin.
Phone: (800) 872-9118 ___
Facsimile:  (800) 862-9271
Email: pricingadministration@landstar.com

To CFL:        5601 W. Waco Drive
Waco, TX 76710
Attn: Richard Fite
Phone: 972-554-5609
Facsimile: 817-532-9859
Email: rfite@centralfreight.com

32.   Counterparts - This Agreement may be executed in one or more counterparts, each of which is an original but all of which together will constitute one and the same agreement.

33.   Limitation of Damages - Neither party shall be liable to the other to the extent damages are consequential, special, incidental, punitive or exemplary.

IN WITNESS WHEREOF, this Agreement is executed by authorized representatives of the parties effective as of the date set forth above.

LANDSTAR INWAY, INC

Signature                        (Date)

Printed Name:        Marc Gentry

Title:   Dir., Customer Contract Admin.

CENTRAL FREIGHT LINES, INC.

Kris H. Ikejin          5-8-2017
Signature                        (Date)

Printed Name: KRIS H. IKEJIRI

Title: VP Administration

The numbering of the paragraphs is solely for ease of reference and has no effect on the intended meaning, interpretation or construction of this document.

KHI
Initial ___

## SCHEDULE A
### Rates

**$1.40 per mile + FSC**

KHI
MS

## APPENDIX 1
## TO
## CENTRAL FREIGHT LINES, INC.
## MAP-21 MOTOR CARRIER SUBHAUL AGREEMENT
## (WITH TRAILER AVAILABILITY)

1.Trailers – In order to assist LANDSTAR INWAY, INC. in timely providing the Services
set forth in Section 1 of this Agreement as and when requested, CFL shall make a certain number of trailers available for use by LANDSTAR INWAY, INC. ("Trailers"). The Trailers furnished to LANDSTAR INWAY, INC. by CFL shall be Trailers owned or leased by CFL, and if owned or leased by third parties (the "Trailer Source") CFL certifies that it has the right to make such Trailers available to LANDSTAR INWAY, INC. solely for the limited purpose of transporting the shipments contemplated by this Agreement. LANDSTAR INWAY, INC. may utilize such Trailers for return loads incidental to LANDSTAR INWAY, INC.'s ordinary course of business.

2.Condition of the Trailers – The Trailers furnished by CFL to LANDSTAR INWAY, INC.
shall, on the date provided, be in good repair mechanical condition and running order and in compliance with all applicable federal, state and local laws, ordinances and regulations and meet all federal vehicle safety standards, D.O.T. maintenance and inspection standards and be properly licensed and registered. Prior to LANDSTAR INWAY, INC. taking possession and upon return of such Trailers an Equipment Interchange Report ("EIR") shall be completed. Such EIR shall indicate any obvious damage or defects to the Trailers. In no event shall LANDSTAR INWAY, INC. be responsible for damages or defects to the Trailers that could not be discovered during a visual inspection and could reasonably be determined occurred prior to LANDSTAR INWAY, INC.'s receipt of the Trailers. An authorized representative of LANDSTAR INWAY, INC. and CFL shall make a pre-trip inspection of the Trailer and in the event a safety defect is discovered during the pre-trip inspection, LANDSTAR INWAY, INC. shall not utilize such Trailer until the safety related defect or defects have been repaired or corrected by CFL or its designated agent.

3.Licenses and Permits – The Trailers shall be properly licensed and permitted in compliance with the laws of any jurisdiction through or to which the shipments tendered by CFL to LANDSTAR INWAY, INC. will be transported. It shall be the duty of the LANDSTAR INWAY, INC., however, to confirm that any particular Trailer is, in fact, properly licensed and permitted for any deviate route(s) selected by LANDSTAR INWAY, INC.

4.Care of Trailers by LANDSTAR INWAY, INC. – LANDSTAR INWAY, INC shall be responsible for condition of the Trailers from the time of pick-up until delivery is completed and the Trailer is returned as reasonably required by CFL, but shall exclude responsibility for normal wear and tear. LANDSTAR INWAY, INC. represents and warrants that any Trailers provided by CFL shall be used by LANDSTAR INWAY, INC. and/or its drivers to transport shipments tendered to LANDSTAR INWAY, INC. by CFL except as otherwise provided herein and LANDSTAR INWAY, INC. shall prevent the unauthorized use or control of the Trailers for any other purpose. LANDSTAR INWAY,

INC. shall inform CFL regarding the whereabouts of any Trailers upon request of CFL. When parking a Trailer, LANDSTAR INWAY, INC. shall, if untethered, ensure that the Trailer's kingpin is locked (and if a van trailer, the trailer doors are padlocked or otherwise safely secured).

5.Maintenance and Repairs – CFL hereby represents that the Trailer Source shall be responsible for routine maintenance of the Trailers and shall perform such repairs and service work as are necessary or appropriate to maintain the Trailers in good condition and repair. In the event such repairs or service work become necessary while the Trailers are in possession or control of LANDSTAR INWAY, INC., LANDSTAR INWAY, INC. shall perform, or cause to be performed, such repairs or service work in a cost-effective manner. In the event such repairs or service work exceeds $100.00, LANDSTAR INWAY, INC. must first obtain the prior written approval of CFL before proceeding with such repairs or service. CFL shall promptly reimburse LANDSTAR INWAY, INC. for the reasonable cost of such repair work.. Neither CFL nor the Trailer Source shall be responsible for maintenance, repairs or service work necessitated by the negligence or wrongdoing of LANDSTAR INWAY, INC. or its employees, drivers . The Trailer Source shall be responsible for procurement or replacement of tires, brakes, bearings and other components at the Trailer Source's expense except when such items are damaged as a result of being run flat or otherwise abused by LANDSTAR INWAY, INC.

6.        Return of the Trailer – LANDSTAR INWAY, INC. agrees to return any Trailers as soon as practicable upon CFL's written request in as good condition as it was delivered by CFL to LANDSTAR INWAY, INC., ordinary wear and tear excepted. In the event LANDSTAR INWAY, INC., for any reason, fails to comply with this provision, or fails to return the Trailer, LANDSTAR INWAY, INC. agrees to reimburse CFL for all repairs and all reasonable and necessary expenses and costs related to loss or damage to Trailers subject to a maximum amount not to exceed the actual cash value of the Trailer so lost or damaged. Actual cash value shall be defined as the cost of the lost or damaged Trailer when new, less depreciation.

The numbering of the paragraphs is solely for ease of reference and has no effect on the intended meaning, interpretation or construction of this document.

In Witness Whereof, this Appendix 1 is executed by authorized representatives of the parties effective as of the 5th day of May, 2017.

LANDSTAR INWAY, INC.

_____  5/8/17
Signature                (Date)

Printed Name:     Marc Gentry

Title:
    Dir., Customer Contract Admin.

CENTRAL FREIGHT LINES, INC.

_____  5-8-2017
Signature                (Date)

KRIS H IKEJIRI
Printed Name:

Title:  VP- Administration

11