IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LANDSTAR FREEWAY, INC. *Plaintiff,* § § § | |
| v. § § § | CIVIL NO. 6:20-CV-00020-ADA-JCM |
| CENTRAL FREIGHT LINES, INC. *Defendant.* § § § § § § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Central Freight Lines Inc.'s Motion to Dismiss or Transfer Venue pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a) filed on February 4th, 2020. ECF. No. 9. Based on the reasoning below, the Court **DENIES** Defendant's Motion.

### I. Procedural Background

Plaintiff filed its complaint on January 13, 2020, alleging breach of contract. ECF No. 1. Defendant filed its motion to dismiss on February 4, 2020. ECF No. 9. In its reply brief, Defendant moved in the alternative to transfer venue to McLennan County state court. ECF No. 13 at 4.

### II. Factual Background

Plaintiff is a Delaware corporation with its principal place of business located in Jacksonville, Florida. ECF. No. 1 at 1. Defendant is a Texas Corporation with its principal place of business located in Waco, Texas. Plaintiff and Defendant entered into a contract for the shipment and delivery of various goods. ECF. No. 1 at 2. Plaintiff alleges that it performed these services and has yet to be paid its consideration on the contract. ECF. No. 1 at 3.

1

## III. Legal Standard

A party may move to dismiss based on improper venue pursuant to Rule 12(b)(3). FED. R. CIV. P. 12(b)(3). "Once challenged, the burden of sustaining venue lies with the plaintiff." *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016). "[T]he court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). If venue is improper, the Court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper. 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

**1. Federal Rule of Civil Procedure 12(b)(3)**

A party may move to dismiss a claim for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For all civil actions that invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)-(3). On a Rule 12(b)(3) motion to dismiss for improper venue, the court must view all the facts in a light most favorable to the plaintiff. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009). "Thus, a plaintiff may show that venue is proper by

'setting forth facts that taken as true would establish venue.'" *Zurich Am. Ins. Co.*, 982 F. Supp. 2d at 719.

**2. 28 U.S.C. § 1406**

As previously discussed, where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision authorizes dismissal only where venue is "wrong" or "improper" in the forum in which it was brought. *Atlantic Marine,* 571 U.S. at 56.

Notably, two venue transfer statutes exist: 28 U.S.C. §§ 1404 and 1406. The former permits a district court in which venue is proper to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The latter permits a district in which venue is improper to either dismiss or transfer the case to a court where venue would otherwise be proper. 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962). In the interest of justice, the established preference of courts is to deny dismissal of a case based on the procedural technicality of an improper venue. *See Id.* One of the purposes of § 1406(a) is to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Id.* at 466-67. The decision to dismiss or transfer lies within the court's discretion. *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012) (citing *Dubin v. United States,* 380 F.2d 813, 815 (5th Cir. 1967)).

**3. 28 U.S.C. § 1404(a)**

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. §

1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *See Humble Oil & Ref. Co. v. Bell Marine Service, Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "*Volkswagen II*") ("When viewed in the context of § 1404(a), to show good cause means that a moving party in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (*quoting* 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If this requirement is met, the Fifth Circuit Court of Appeals has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (*citing to Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that

will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

### 4. Forum Selection Clauses

While a plaintiff's choice of forum is ordinarily entitled to deference, Courts must presumptively enforce forum selection clauses absent a showing that they are invalid or unjust. *See Trafigura Beheer B.V. v. M/T PROBO ELK*, 266 F. App'x 309, 310 (5th Cir. 2007). A forum selection clause which is unambiguous controls, and the court's inquiry should proceed no further. *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 766 (2018). "Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances". *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

### IV. Analysis

### 1. The Forum Selection Clause

The forum selection clause at issue states in relevant part "the parties hereby stipulate the exclusive jurisdiction of the courts situated in McLennan County, Texas, over any litigation arising hereunder." ECF. No. 9 at 2. Defendants insist that this means that the only available forum is the state court of McLennan County. The Court finds that this clause is unambiguous. The use of the plural term "courts" indicates that there are multiple possible forums contemplated by the contract. Second, the use of the words "situated in" indicates that the "courts" contemplated by the clause are appropriate based on their physical location, rather than their affiliation (if the contract said the Courts "of" McLennan County, that would mean that they belong to the county, and thus exclude a federal forum). Further, this Court has held before that the use of "in McLennan county" includes federal as well as state forums. *Am. Income Life*

*Ins. Co. v. Hartin*, 6:19-CV-00266-ADA-JCM, 2019 WL 4061686, at *3 (W.D. Tex. June 19, 2019) (staying the case when parties had agreed to courts "in McLennan County"). Therefore, the Court finds that the forum selection clause allows Plaintiffs to select, and remain in, the federal forum.

**2. Motions to Dismiss for Improper Venue**

Section 1406(a), and Rule 12(b)(3) are improper ways to enforce a forum selection clause. *Atlantic Marine* 571 U.S. at 60. In the aforementioned case, the Supreme Court discusses at length the principle that the presence of a forum selection clause does not render a forum "improper" or "wrong". *Id* at 59. Instead, a forum selection clause must be enforced through a motion to transfer under § 1404(a). *Id*.

For venue to be proper under Rule 12(b)(3), the action must be filed in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)-(3). Viewing all facts in a light most favorable to the plaintiff, the Court must take as true the fact that Defendant is a resident of this judicial district because its principal place of business is located in this district, and a substantial portion of the events (namely the contract itself) were performed in this district. Thus, the requirements of § 1391 have been satisfied.

Section 1406(a) states in relevant part "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . . such case to any district or

division in which it could have been brought". 28 U.S.C. §1406(a). Thus, as stated above, this provision authorizes dismissal only where venue is "wrong" or "improper". *Atlantic Marine,* 571 U.S. at 56. Because the requirements of § 1391(b) have been met, the venue here is not improper and dismissal or transfer pursuant to § 1406 would be inappropriate.

**3. Motion to Transfer Under Section 1404(a).**

The Court turns to the alternative request for transfer under § 1404(a) to the state court on convenience. The movant must establish the desired venue is clearly more convenient. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."); *21st Century Fin. Servs., LLC v. Manchester Fin. Bank*, 2012 WL 12883044, at *1 (W.D. Tex. June 29, 2012) ("Courts generally give great deference to the plaintiff's choice of forum"). Here, Defendant does not argue that the forum selection clause is invalid or unfair, or even inconvenient. In Defendant's own words, this Court is "literally within blocks" of the McLennan County District Court. ECF. 9 at 3. Additionally, when there is a forum selection clause courts must pay heavy weight toward it, and when plaintiff's choice of forum does not go against the clause, courts should attempt to respect that choice. *Atlantic Marine* 571 U.S. at 59-60, *Stagecoach Puttters* 2015 WL 11622483, at *2. Therefore, because Defendant cannot defeat the weight of authority accorded to the clause, cannot overcome Plaintiff's choice, and has not established, or even claimed that its preferred forum is the more convenient one, Defendant has failed to establish any grounds to transfer under § 1404.

Furthermore, as the Supreme Court held in *Atlantic*, § 1404 cannot be used to transfer to a non-federal forum. *Atlantic Marine,* 571 U.S. at 60. The appropriate method with which to transfer from a federal to a non-federal forum "is through the doctrine of *forum non conveniens*."

7

*Id*. As the court points out in *Atlantic*, § 1404 is a congressional codification of this common law doctrine, but *forum non conveniens* still applies, and indeed has the same analysis. *Id*. That is, looking to the fairness of the forum to each of the parties involved. As discussed above however, Defendants have not asserted that Plaintiff's chosen forum is unfair or inconvenient, and thus this Court does not find any reason to transfer this case to the state court.

### IV. Conclusion

Based on the foregoing, Defendant's Motion to Dismiss and Motion to Transfer (ECF No. 9) is **DENIED**.

**SIGNED** this 17th day of March 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE