#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF TEXAS
#### WACO DIVISION

| | |
|---|---|
| LANDSTAR INWAY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:20-cv-00020-ADA-JCM |
| ) | |
| CENTRAL FREIGHT LINES, INC., ) | |
| ) | |
| Defendant. ) | |

### MOTION TO ENFORCE SETTLEMENT
### AGREEMENT AND RELEASE

Plaintiff Landstar Inway, Inc. ("Plaintiff") hereby moves the Court to enforce a settlement agreement and release entered into between Plaintiff and Defendant Central Freight Lines, Inc. ("Defendant"). In support thereof, Plaintiff shows the Court the following:

### FACTUAL BACKGROUND

On January 13, 2020, Plaintiff sued Defendant for breach of contract, seeking $548,405.72 in unpaid freight charges. *See* Doc. 1. Plaintiff extended a settlement offer to Defendant in the same amount on May 4, 2020. Defendant's counsel responded to this offer on June 11, 2020. She advised that she had authority to accept the offer, but that the parties first had to agree that payment would occur in four (4) monthly installments starting July 25, 2020. Defendant's counsel stated that if Plaintiff agreed, she would draft a settlement agreement and release. Plaintiff's counsel responded the same day, agreeing to the installment payments, and expressing that the payout can be secured with an agreed judgment. Defendant's counsel agreed to this arrangement.

The next day, June 12, 2020, Plaintiff's counsel drafted an email to Defendant's counsel, in which he outlined the material terms of the parties' settlement agreement, including the payment

arrangement and agreement to file an Agreed Judgment. In the email, Plaintiff's counsel also asked Defendant's counsel to confirm the settlement terms. In response, Defendant's counsel stated that she would send Plaintiff's counsel a settlement agreement under separate cover for Plaintiff's execution. Accordingly, on June 22, 2020, Defendant's counsel emailed a "proposed release" (entitled: *Settlement Agreement and Release*) to Plaintiff's counsel, which contained the material terms of the parties' settlement agreement, including that "Central Freight will pay Landstar $548,405.72 in four equal installments of $137,101.43 due on July 25, 2020, August 25, 2020, September 25, 2020 and October 25, 2020." Plaintiff executed the *Settlement Agreement and Release* on June 24, 2020 (hereinafter "the Agreement"). A true and correct copy of email communications between counsel referenced is attached hereto as Exhibit 1. A true and correct copy of the Agreement is attached hereto as Exhibit 2 and incorporated herein by reference in its entirety.

After Plaintiff executed the Agreement, Plaintiff's counsel emailed the Agreement, and a draft of the Agreed Judgment, to Defendant's counsel the same day. A true and correct copy of the Agreed Judgment is attached hereto as Exhibit 3. In the email, Plaintiff's counsel requested that Defendant's counsel forward to Plaintiff's counsel a copy of the Agreement with her client's signature. To date, however, and despite numerous additional requests, Defendant's counsel has yet to forward a copy of the Agreement with her client's signature. It is unknown whether Defendant has executed the Agreement. Moreover importantly, Defendant has made no payments in accordance with the Agreement. Defendant has failed to comply its agreement to settle this case.

**ARGUMENT AND AUTHORITIES**

1. **Enforcement of Settlement Agreement**

"A settlement agreement, once entered into, cannot be repudiated by either party and will be summarily enforced." *United States v. City of New Orleans*, 731 F.3d 434, 439 (5th Cir. 2013). "Federal courts have the inherent power to enforce settlement agreements entered into by the parties." *Matter of Omni Video, Inc.*, 60 F.3d 230, 232 (5th Cir. 1995) (quoting *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986)).

Under federal law, a binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance. *Chen v. Highland Capital Mgmt., L.P.*, No. 3:10-CV-1309-D, 2012 WL 5935602, at *2-4 (N.D. Tex. Nov. 27, 2012) (internal citations and quotations omitted). A district court may exercise its discretion to enforce a settlement agreement where one party to a suit has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement. *Id.* Where a party has knowingly and voluntarily agreed to settle his claims and no change of circumstances warrants repudiation of the agreement, the courts will enforce the settlement agreement. *Id.*

Here, Defendant made an offer of settlement on June 22, 2020. Specifically, Defendant's counsel, on Defendant's behalf, drafted and emailed a proposed release, containing all material terms of the settlement agreement, including that "Central Freight will pay Landstar $548,405.72 in four equal installments of $137,101.43 due on July 25, 2020, August 25, 2020, September 25, 2020 and October 25, 2020." The Agreement also expressed that "[i]n consideration for the … payments" Plaintiff will "completely RELEASE, DISCHARGE, AND RELINQUISH" Defendant

"from any and all past, present, or future claims" arising from "the Debt" (i.e., the $548,405.72 in unpaid freight charges).

Plaintiff accepted Defendant's offer on June 24, 2020, by signing the Agreement and sending the same to Defendant's counsel the same day. Despite Plaintiff's acceptance of Defendant's settlement offer, (upon information and belief) Defendant has yet to formally execute the Agreement. Plaintiff has yet to receive a copy of the Agreement containing Defendant's signature, and Defendant has yet to make any payments in accordance with the Agreement. Because Plaintiff accepted Defendant's offer of settlement and no circumstances warranting repudiation exist, Plaintiff respectfully requests that the Court enter an order enforcing the Agreement.

### 2. Attorney's Fees

A court may impose attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). The Fifth Circuit has held "that a party's refusal to abide by [an arbitration] award 'without justification' qualifies as vexatious behavior that can support the award of attorneys' fees by a federal court." *Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 897 (5th Cir. 2012). The same logic applies to a party's failure to comply with a settlement agreement. Indeed, the Fifth Circuit has affirmed an award of attorney fees and costs to a party seeking to enforce a settlement agreement. *See id.*

Here, Defendant's failure to execute the Agreement and abide by its terms is unjustified. Defendant's conduct has required Plaintiff to prepare and file the present Motion. Plaintiff, therefore, is entitled to recover its reasonable and necessary attorney's fees for seeking enforcement

of the Agreement.  Reasonable and necessary attorney's fees for prosecuting the present Motion are $1050.00.

## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Enforce Settlement Agreement and Release.  Specifically, Plaintiff requests that the Court issue an Order:

1. Granting this Motion to Enforce Settlement Agreement and Release;

2. Entering judgment against Defendant and in favor of Plaintiff in the amount of 548,405.72; and

3. Ordering Defendant to pay Plaintiff no less than $ 1050.00 for Plaintiff's reasonable and necessary attorney's fees.

Additionally, Plaintiff requests that the Court enter the Agreed Judgment.  Plaintiff further requests such other and further relief to which it is justly entitled.

    Respectfully submitted,

    */s/ Vic Houston Henry*
    Vic Houston Henry
    TBA No. 09484250
    vhhenry@hoaf.com
    Emileigh Hubbard
    TBA No. 24076717
    ehubbard@hoaf.com

    **HENRY ODDO AUSTIN & FLETCHER**
        **A Professional Corporation**
    1700 Pacific Avenue, Suite 2700
    Dallas, TX 75201
    Telephone:	(214) 658-1900
    Facsimile:	(214) 658-1919

    **COUNSEL FOR PLAINTIFF,**
    **LANDSTAR INWAY, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that I requested Defendant to comply with the Settlement Agreement on four separate occasions in August and September, but Defendant has not complied. I presented this motion to counsel for Defendant on Friday, September 25, 2020, and asked if Defendant opposes the motion. Counsel said she would consult with her client, but she has not responded further.

*/s/ Vic H. Henry*
Vic H. Henry

## CERTIFICATE OF SERVICE

I hereby certify that, on October 2, 2020, a true and correct copy of the foregoing document was served on all counsel of record via the court's electronic service system.

*/s/ Vic H. Henry*
Vic H. Henry